HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID C. STEPHENSON,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | No. 12-CV-5581-RBL<br><br>ORDER DENYING RECONSIDERATION<br><br>(Dkt. #6) |

Petitioner requests reconsideration of the Court's Order dismissing his petition for habeas relief because it was filed well beyond the one-year limitation period. (Order, Dkt. #4.) In his motion, Petitioner appears to argue that this Court lacks jurisdiction, although the motion itself is difficult to understand, and the basis for the argument unclear. Petitioner states that the Court issued judgment in his criminal case "without evidence in the record . . . of the existence of a 'Notice of Acceptance' of federal jurisdiction or equivalent, for the location of Robert B. Leighton's [sic] residence, providing conclusive evidence that Robert B. Leighton does not qualify as a officer/judge/or employee of the federal government of the United States by failing to reside on property lawfully acquired by the federal government . . . ." (Pet.'s Mot. for Reconsideration at 1, Dkt. #6.)

Order - 1

Under Local Rule 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

The Court finds no grounds for reconsideration. The petition was dismissed because it was outside the limitations period, and Petitioner does not suggest otherwise. The Court does not understand Petitioner's argument's concerning jurisdiction.

Dated this 17th day of September 2012.

                                                   Ronald B. Leighton
                                                   United States District Judge